UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

In re:

GIBRALTAR KENTUCKY
   DEVELOPMENT, LLC,

                Debtor.
_____/

Case No. 12-13289-EPK

Chapter 11 Case

**AMENDED EMERGENCY MOTION, PURSUANT TO 11 U.S.C. §§105(a), 363 AND 365 TO REPLACE HAGERTY GROUP, LLC CONTRACT WITH CONTRACT BETWEEN DEBTOR-IN-POSSESSION AND CAPP OIL AND DRILLING, LLC; AND DETERMINE FUNDS HELD IN TRUST TO BE SOLELY RELATED TO APP OIL AND DRILLING, LLC; OR IN THE ALTERNATIVE DETERMINING THE HAGERTY GROUP, LLC CONTRACT TO BE NULL AND VOID AND APPROVE THE CAPP OIL AND DRILLING, LLC CONTRACT FREE AND CLEAR OF LIENS ON AN EXPEDITED BASIS
(THIS MOTION AMENDS DE#193)**

**(Emergency Hearing Requested)
Basis for Emergency Relief**

**This hearing is requested on an emergency basis as the Debtor's principals are returning to Michigan on Wednesday, August 14, 2013, and the Debtor's ability to produce oil, which is currently selling at over $104 per barrel, is an income opportunity lost by this Debtor until a final contract is approved.**

COMES NOW, GIBRALTAR KENTUCKY DEVELOPMENT, LLC ("Gibraltar" or "Debtor"), Debtor and Debtor-in-Possession herein, joined by KENTUCKY CENTRAL ENERGY PARTNERS, LLC ("KCEP") and files this *Expedited Agreed Motion, Pursuant to 11 U.S.C. §§105(a), 363 and 365 to Replace Hagerty Group, LLC Contract with Contract Between Debtor-in-Possession and Capp Oil and Drilling, LLC; or in the alternative Determining the Hagerty Group, LLC Contract to be Null and Void and Approve the Capp Oil and Drilling, LLC Contract Free and Clear of Liens on an Expedited Basis*, and would state as follows:

**OZMENT MERRILL**

1. This court has jurisdiction over the instant Chapter 11 proceeding under 28 U.S.C. §§157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. §157(b)(2).

2. The Debtor continues to operate its business and manage its assets as a debtor-in-possession pursuant to 11 U.S.C. §§1107 and 1108.

3. The statutory predicates for the relief requested in this Motion are sections 105(a), 363 and 365 of the Bankruptcy Code.

4. The Debtor derives its revenues from participating in the oil, gas and coal industries.

5. At a hearing on April 19, 2013 this court approved a contract between the Debtor and Hagerty Group, LLC ("Hagerty") wherein, among other terms, Hagerty would provide funding to the debtor as well as be responsible for various operational elements related to drilling on property, including oil and gas leases, of the Debtor.

6. Prior to approval of the Hagerty Contract the Court entered several orders establishing various deadlines which were met in one form or another. *See Order on Motion to Convert* [ECF #137] dated February 21, 2013 and *Order Setting Hearing on Debtor's Motion to Sell and Extending Related Deadlines* [ECF #159] entered on April 1, 2013.

7. Since the Hagerty Contract was approved in open court on April 19, 2013, Hagerty has failed to apply for any permits, engage in any drilling or operations of any kind, or provide any funding as contemplated by the contract, which contemplated a $2 Million infusion of capital. In short, Hagerty has done nothing at all.

8. Hagerty is in complete breach of its obligations to the Debtor.

9. It was anticipated that Hagerty, due to its inability to fund its operations or otherwise comply with the terms of the Hagerty Contract, would be amenable to assigning

**OZMENT MERRILL**

the approved contract to a third party with sufficient capital and experience to perform under the contract. However, no Hagerty assignment has been forthcoming.

10. Accordingly the Debtor, in concert with KCEP and other parties, has worked to develop, and has now executed, a contract ("Capp Contract") with a much better suitor for it, CAPP OIL AND DRILLING, LLC ["Capp"].

11. During the pendency of this case KCEP, together with various related entities and individuals, has filed various motions, including a Motion to Convert, opposing the Debtor based upon various issues, and the Debtor filed an adversary proceeding against KCEP, *et. al.* All of the issues between KCEP, *et. al.* and the Debtor have been resolved and the adversary proceeding has been dismissed.

12. Indeed, KCEP joins the Debtor in asking for the relief requested herein. In fact, to the best of the undersigned's knowledge and belief, every interested party involved with this case, (with the obvious potential exception of Hagerty who has not been heard from despite numerous calls and emails from the Debtor) is fully in support of the relief requested by this expedited Motion.

13. The contract, which is attached hereto as *Exhibit A*, is in final form and ready to be performed upon immediately by the parties.

14. Capp and the Debtor are ready to get to work and the interested parties, including KCEP, and anxious for them to do so. All that remains is for this court to grant the relief requested herein so that this entire case may proceed as expeditiously as possible to conclusion.

## LEGAL BASIS FOR RELIEF REQUESTED

15. The equities of this case are that this contract can, and should, be approved on an expedited basis: the Hagerty Contract, which was previously approved, features many

of the same elements of the Capp Contract in terms of the operational aspects, leases being utilized and other similar features. More importantly, upon information and belief all interested parties (with the noted potential exception of Hagerty) are in favor of not only approving the Capp contract (whether by replacing it with the Hagerty Contract or approving it outright) but doing so swiftly so that income may begin flowing to the benefit of all parties as soon as possible. Indeed KCEP which at one time objected to the Hagerty Contract (which objection was later withdrawn), now agrees to this transfer as well as the relief requested herein.

16. Hagerty has failed to do anything required of it under the terms of the Hagerty Contract, and is in material breach. Indeed, the Debtor has attempted to communicate with Hagerty numerous times and has not heard anything whatsoever from Hagerty. Under these circumstances, the Hagerty Contract should not be enforced against the Debtor.

17. Pursuant to the inherent powers of this court and 11 U.S.C. §105, the parties submit that this Court has the authority to replace the Hagerty Contract with the Capp Contract.

18. To the extent that this court requires compliance with Section 363(b)(1) of the Bankruptcy Code, that section provides that:

> The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate, except that if the debtor in connection with offering a product or a service discloses to an individual a policy prohibiting the transfer of personally identifiable information about individuals to persons that are not affiliated with the debtor and if such policy is in effect on the date of the commencement of the case, then the trustee may not sell or lease personally identifiable information to any person unless—
>
> (A) such sale or such lease is consistent with such policy; or

**OZMENT MERRILL**

(B) after appointment of a consumer privacy ombudsman in accordance with section 332, and after notice and a hearing, the court approves such sale or such lease—

(i) giving due consideration to the facts, circumstances, and conditions of such sale or such lease; and

(ii) finding that no showing was made that such sale or such lease would violate applicable nonbankruptcy law.

11 U.S.C. § 363(b)(1).

19. Although section 363 does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets, court have uniformly held that approval of a proposed sale of property pursuant to section 363(b) of the Bankruptcy Code is appropriate if the transaction is supported by the reasonable business judgment of the debtor. *See Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063 (2d Cir. 1983); *see also In re Fountain Imaging of N. Miami Beach, LLC*, No. 06-12686, Docket Nos. 215-217 (Bankr. S.D. Fla. Dec. 14, 2006); *In re Delaware & Hudson Ry. Co.,* 124 B.R. 169, 176 (D. Del. 1991) (holding that a court must be satisfied that there is a "sound business reason" justifying the preconfirmation sale of assets); *In re Abbotts Dairies Pennsylvania, Inc.,* 788 F.2d 143 (3d Cir. 1986); *Stephens Indus. v. McClung*, 789 F.2d 386, 389-90 (6th Cir. 1986).

20. In the instant case, the Debtor submits that the most important consideration in assessing the Debtor's business judgment are the consequences to the Debtor, the estate, creditors and other parties in interest if they are not authorized to consummate an expeditious sale or disposition of certain assets for the highest possible value and that the factors are entirely consistent with the longstanding rationale for authorizing a sale or change in asset disposition outside a chapter 11 plan. *See Lionel Corp.; Financial Assocs. V. Loeffler (In re*

*Equity Funding Corp. of America*), 492 F.2d 793, 794 (9th Cir.), *cert. denied*, 419 U.S. 964 (1974).

21.     This Court has the statutory authority to authorize the proposed sale or change in the disposition of certain of the Debtor's Assets free and clear of all liens, claims, interests or encumbrances. Pursuant to section 363 (f) of the Bankruptcy Code, a debtor-in-possession may sell all or any part of its property free and clear of any and all liens, claims, encumbrances or interests if (i) such sale or change in disposition is permitted under applicable non-bankruptcy law, (ii) the party asserting such a lien, claim or interest consents to such sale, (iii) the interest is a lien and the purchase price for the property is greater than the aggregate amount of all liens on the property, (iv) the interest is the subject of a bona fide dispute, or (v) the party asserting the lien, claim or interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. *See*, 11 U.S.C. §363 (f); *In re Elliot*, 94 B.R. 343, 345 (E.D. Pa. 1988)(section 363 (f) is written in the disjunctive; the court may approve a sale "free and clear" provided at least one of the subsections is met").

22.     A debtor's assets may change disposition or be sold outside the ordinary course of business. section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §363(b)(1). Courts interpreting section 363 (b)(1) of the Bankruptcy Code have held that transactions should be approved under section 363 (b)(1) when (a) they are supported by the sound business judgment of the debtor's management, (b) interested parties are provided with adequate and reasonable notice; (c) the sale price is fair and reasonable and (d) the purchaser is acting in good faith. *See, In re Fountain Imaging of N. Miami Beach, LLC*, No. 06-12686, Docket Nos. 215-217 (Bankr. S.D.

Fla. Dec. 14, 2006); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169 (D. Del. 1991); *In re Phoenix Steel Corp.*, 82 B.R. 334, 335-36 (D. Del. 1987).

23. Case law generally provides that a sale or change in the disposition of a debtor's assets free and clear of all liens, claims, encumbrances and interests is permissible under section 363(f) as long as the liens, claims, encumbrances and interests attach to the net proceeds of the sale. *See In re Wells*, 296 B.R. 728, 734 (Bankr. E.D. Va. 2003) (holding that a trustee could sell property free and clear of equitable interest in property with interest to attach to proceeds); *Folger Adam Security, Inc. v. DeMatteis/MacGregor, JV*, 209 F.3d 252, 259 (3d Cir. 2000) ("The holdings of the courts suggest that any interest in property that can be reduced to a money satisfaction constitutes a claim for purposes of section 363(f) and, therefore, attaches to the proceeds of the sale."); *In re WPRV-TV, Inc.*, 143 B.R. 315, 321 (D.P.R. 1991).

24. The Debtor submits that the consideration which will be provided in this change of disposition will allow the satisfaction of any liens pursuant to section 363(f) of the Bankruptcy Code, with such liens to transfer and attach to the net sale proceeds with the same validity, priority, force and effect that such liens had on the Debtor's Assets.

25. Accordingly, the Debtor requests that the disposition of Assets be transferred to the purchasers, free and clear of all liens, claims, encumbrances and interests, with such liens, claims, encumbrances and interests attaching to the proceeds of these sales in the same order of priority as such interests existed as of the Petition Date, as modified by any Court order entered in these proceedings.

26. **There is currently held in in the trust account of Ozment Merrill the sum of $275,000.00. It is the intent of the Debtor that this amount be paid as partial payment of the Capp Contract and that no other third parties, including Guy Hagerty**

**or Hagerty Group, LLC have any claim to these funds. Upon entry of an order granting this Motion, Debtor's counsel will transfer the money it is holding in trust, less approved attorney's fees, to the Debtor's Debtor-in-Possession account in the sole possession and control of the Debtor.**

27. While the Bankruptcy Code does not define "good faith," "[t]he requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *Abbotts Dairies*, 788 F.2d at 147 (citations omitted). The Debtor submit that the proposed purchasers made the various offers based upon open, arm's-length negotiations in good faith. The purchasers' names and addresses are included in Exhibits A, B and C on their written offers to purchase. Additionally, the Debtor would disclose if applicable, and relationships between the purchasers and the Debtor, none of which exist and so have satisfied their fiduciary duty of full and complete disclosure of any and all insider involvement in these sales.

28. Here, the best interests of the Debtor's estate and creditors and ample business justification supports this transaction. The relief requested in this Motion is reasonable and appropriate and is commonly approved by courts. *See In re Fountain Imaging of N. Miami Beach, LLC*, No. 06-12686, Docket No. 133, 189 (Bankr. S.D. Fla. Oct. 13, 2006, Dec. 5, 2006).

29. The Debtor submits that notice to interested parties, creditors, shareholders and potential purchasers satisfies the requirements of the Bankruptcy Code in that a substantially similar change in disposition of the same assets was previously approved over the objection of only one Creditor who now supports this Motion.

**OZMENT MERRILL**

30. Pursuant to Fed.R.Bankr.P. 2002, 6004, 6006 and 9014 and any and all Court orders establishing Notice, the Debtor shall give notice of this Motion by providing a copy of this Motion and any Notice of Hearing thereon to all interested parties, including Hagerty, within 24 hours' receipt of the same.

WHEREFORE, the Debtor respectfully requests this court grant the relief requested herein and requests such other and further relief as the Court deems just and proper.

## CERTIFICATIONS

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

Dated: August 8, 2013

    Respectfully submitted,
    **OZMENT MERRILL**

    BY: */s/ David Lloyd Merrill, Esq.*
    David Lloyd Merrill, Esq.
    Fla. Bar No.: 99155
    2001 Palm Beach Lakes Blvd, Suite 410
    West Palm Beach, FL 33409
    Telephone:   +1.561.689.6789
    Facsimile:    +1.561.689.6767
    E-mail: david@ombkc.com
    Attorneys for the Debtor in Possession